PONDER, Judge,
concurring.
I believe the motion for declaratory judgment to be invalid. The articles on declaratory judgment seem to contemplate an ordinary proceeding, not a summary one.
Counsel’s reliance on Code of Civil Procedure Article 2592(1) I believe to be misplaced, because the provision allowing the use of summary proceedings to dispose of an incidental question should not allow the ignoring of the provisions on declaratory judgments and the safeguards provided there.
Even if the motion be available, however, the motion did not state the basis on which relief should be granted and no evidence was taken at the hearing. It is true that certain interrogatories had been answered and certain documents filed. The codal articles on summary judgment allow the considering of pleadings, depositions, admissions on file and affidavits. I have found no corresponding provisions for summary proceedings.
If declaratory judgment be available under these circumstances, there would seem to be no bar to the use of a motion for summary judgment after petition filed, discovery made, and the material facts found to be undisputed. Certainly, that procedure would be preferable to the abbreviated and capsuled procedure employed herein.
Even if declaratory judgment under these circumstances be declared unavailable, third party plaintiff has a remedy. He Can proceed with his own defense and later seek the costs and penalties from the recalcitrant insurance company or companies. There are hints that this might be burdensome on third party plaintiff but we have no proof.
On the question of summary judgment, there are still some questions of fact to be resolved. I point to the questions of whether plaintiff has asbestosis, when symptoms became manifest if he does have asbestosis, when he worked for McCarty Corporation since the response of McCarty Corporation was to the effect that the earning card for 1972 was the only record of plaintiffs employment that McCarty Corporation would find while plaintiff has stated that he was employed there from a date unknown until December, 1972, and that he worked for McCarty Corporation off and on for a period of approximately 10 years.
Furthermore, the motions were granted on the basis that Louisiana accepts the so-called injurious exposure theory of liability as adopted by the Federal Court in Porter v. American Optical Corp., 641 F.2d 1128 (5th Cir., 1981). I am reluctant to adopt such a far-reaching conclusion without development of more facts, both of this specific case and of the medical aspects of asbestosis.
I concur.